**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BRADLEY MANDELA HOUSTON,<br>GDC No. 1002573971,<br>Plaintiff, | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | |
| CALHOUN STATE PRISON,<br>MS. CRUZ,<br>Defendants. | CIVIL ACTION NO.<br>1:24-cv-5183-WMR-JKL |

**ORDER**

Plaintiff Bradley Mandela Houston, an inmate at Calhoun State Prison in Morgan, Georgia, has filed a document that the Clerk of Court has construed as a *pro se* 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) The construed complaint is apparently brought against an official at Calhoun State Prison and concerns events alleged to have occurred at Calhoun State Prison. (*See id.* at 1-3.) A federal-law action may be brought in a judicial district where any defendant resides, if all defendants reside in the same State, or in the judicial district in which the claims arose. 28 U.S.C. § 1391(b). When venue is improper, the court may, in the interest of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). Additionally, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Calhoun State Prison is located in Calhoun County, which is within the jurisdiction of the United States District Court for the Middle District of Georgia, the Albany Division. 28 U.S.C. § 90(b)(5). Venue is improper in this district, and the Court finds it to be in the interest of justice to transfer this action to the United States District Court for the Middle District of Georgia.

Accordingly, **IT IS ORDERED** that this action is hereby **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA, THE ALBANY DIVISION**, along with all orders, motions, affidavits, pleadings and exhibits (if any) filed herein.[1]

**IT IS SO ORDERED**, this 25th day of November, 2024.

JOHN K. LARKINS III
United States Magistrate Judge

[1] Transfer of this action does not decide the merits of Plaintiff's claims. *See Mobile Media Ideas LLC v. Samsung Elecs. Co.*, No. 8:16-CV-1316-T-23MAP, 2017 WL 3720954, at *1 (M.D. Fla. Mar. 28, 2017) ("Transfer of venue is a non-dispositive pretrial matter, which a magistrate judge may determine[.]"); *Owens v. Carter*, No. 5:13-CV-299(MTT), 2015 WL 867063, at *1 (M.D. Ga. Feb. 26, 2015) (treating magistrate judge's order on a motion to transfer as a non-dispositive order).