**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

BRADLEY MANDELA HOUSTON, :
:
Plaintiff, :
:
v. : CASE NO.: 1:24-CV-181 (LAG) (ALS)
:
CALHOUN STATE PRISON, and :
MS. CRUZE, :
:
Defendants. :
_________________________________________:

# ORDER

Before the Court is a letter originally filed by *pro se* Plaintiff Bradley Mandela Houston, a prisoner confined at Long State Prison in Ludowici, Georgia in the Northern District of Georgia. (Doc. 1). The Northern District of Georgia docketed the letter as a complaint under 42 U.S.C. § 1983 and transferred the matter to this Court. (Docs. 2, 3).

According to the letter, Plaintiff complained that he had been stabbed at Calhoun State Prison and that his counselor Ms. Cruze "refuse[d] to bring [him] a grievance so that [he could] make a[] in house complaint." (Doc. 1 at 1). Plaintiff further contends that Ms. Cruze is impermissibly taking his legal documents and "doing illegal things in reguard (sic) to [him]." (*Id.* at 2–3). Immediately after the Northern District of Georgia transferred the matter to this Court, Plaintiff filed, in the Middle District of Georgia, a civil rights complaint naming Counselor Cruze and Sergeant Shanice Walker of Calhoun State Prison as Defendants. *See Houston v. Cruze*, 1:24-cv-00176-WLS-ALS. The Complaint that Plaintiff filed in the Middle District of Georgia asserts that Plaintiff was stabbed at Calhoun State Prison and that Ms. Cruze refused to give him a grievance form. *Id.*

Rule 42(a) of the Federal Rules of Civil Procedure authorizes the court to consolidate actions that "involve a common question of law or fact." Rule 42(a) "codifies a district court's inherent managerial power to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotation marks omitted). The decision to consolidate cases is committed to the sound discretion of the trial court. *See id.* (Rule 42(a) "is permissive and vests a purely discretionary power in the district court" (quotations omitted)); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary.").

Given that both matters arise from the same course of conduct, this Court finds that consolidation of these two civil actions will conserve judicial resources and permit more efficient resolution of Plaintiff's claims.[1] It is therefore **ORDERED** that the case before this Court be **CONSOLIDATED** into *Houston v. Cruze*, 1:24-cv-00176-WLS-ALS and that *Houston v. Calhoun State Prison*, 1:24-CV-00181-LAG-ALS be **ADMINISTRATIVELY CLOSED.**

Plaintiff is **ORDERED** not to file any other pleadings or motions in *Houston v. Calhoun State Prison,* 1:24-CV-00181-LAG-ALS because this case is now closed and any pleadings or motions related to his claims about his assault at Calhoun State Prison and the actions taken by prison personnel as to that assault are to be filed in *Houston v. Cruze,* 1:24-CV-00176-WLS-ALS.

**SO ORDERED**, this 20th day of February, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court has the authority to consolidate cases *sua sponte*, without a motion from the parties. *See e.g. Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*.")).